PETER GRIMBILAS, APPELLANT, v. LINFAIR, INC., ET AL., RESPONDENTS.

Argued October 7, 1941—Decided November 19, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *B. Bayard Strell.*

For the respondents, *Smith & Slingerland.*

PER CURIAM.

This appeal is one of the steps in a somewhat complicated litigation revolving around a replevin suit; and a short history of the litigation is advisable in order to make clear the situation now before the court for decision.

The appellant, Gimbilas, in 1934 was the purchaser at sheriff's sale of certain chattels which, however, had previously been distrained by a landlord for rent. There was a sale in the distress proceeding to some purchaser who transferred his rights to Linfair, Inc., one of the respondents. Grimbilas then brought replevin in the Essex Circuit Court, but without taking possession under his writ. See *Grimbilas* v. *Stelling,* 19 *N. J. Mis. R.* 119. The replevin suit was tried without jury and judgment was entered for plaintiff Grimbilas for possession, with costs, on July 26th, 1940. Defendant appealed to the Supreme Court. The appeal was heard at the October term, 1940, and disposed of about February 18th, 1941, by an affirmance of the judgment. *Grimbilas* v. *Linfair, Inc.,* 126 *N. J. L.* 82.

In connection with the appeal the question arose as to the amount of the appeal bond in a case where, as in this case, apart from costs there is no money judgment but only a judgment for the possession of chattels. See 19 *N. J. Mis. R.* 119, as already cited. Evidence was taken of the value of the chattels, and by order of this court, a bond in the sum

of $500 was directed, and was filed on October 15th, 1940. It is on this bond that the present suit is based. The appeal in the replevin suit was then heard, as just stated, and the judgment of the trial court that plaintiff was entitled to the chattels, was affirmed. Thereupon the present action was begun in a District Court against the principal and sureties on the appeal bond in the replevin suit; and the question was, in what amount, if any, a judgment for the plaintiff should be entered. The difficulty in the case is that the condition of the appeal bond before us is not for delivery of the chattels and payment of costs in case of affirmance, but to "pay and satisfy all debt or debts, damages and costs, adjudged by the said judgment * * * if same should be affirmed," &c. The district judge held, and we think correctly, that the bond did not specifically provide for obedience to a judgment for possession and hence was ineffective as supporting any claim of penalty for non-delivery of the property. In this we think he was right. But he went farther, and denied to plaintiff a recovery even for the costs of the original action, not to mention the costs of the appeal. In this we think there was error, and to that extent the judgment will be reversed and the record remanded to the District Court to ascertain and assess the amount of the original costs in the replevin suit, and the respondents' costs on appeal in that suit, and enter judgment accordingly. To that end any necessary and proper amendments of the pleadings may be made.

Plaintiff-appellant is entitled to costs on this appeal.

It may do no harm to add that the original judgment that the plaintiff be entitled to the possession of the goods and chattels claimed in the replevin suit stands unimpaired, and that in the language of the statute (R. S. 2:73-13) plaintiff is entitled to "an order, as part of the judgment, directing the proper officer to take possession of and deliver the property in accordance with the judgment."